**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| TOMMY JOE JEFFERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-603-B (BH) |
| | § | |
| WARDEN C. KEETON, et al., | § | |
| | § | |
| Defendant. | § | Referred Motion |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b) and the District Court's *Order Referring Motion*, issued April 14, 2008, this matter was referred to the undersigned United States Magistrate Judge for hearing, if necessary, and for the issuance of proposed findings and recommendation to the District Court. Before the are Court following:

(1) *Defendants, Warden Keeton and Sergeant Chaney's Motion for Summary Judgment* ("Mot."), filed April 4, 2008;

(2) *Defendants, Warden Keeton and Sergeant Chaney's Brief in Support of Their Motion for Summary Judgment* ("Mot. Br."), filed April 4, 2008; and

(3) *Defendants, Warden Keeton and Sergeant Chaney's Appendix in Support of Their Motion for Summary Judgment* ("App."), filed April 4, 2008.

Plaintiff did not file a response. Having reviewed the pertinent filings above and the law applicable to the issues raised, the Court finds that Defendants' motion for summary judgment should be **GRANTED.**

## I. BACKGROUND

Plaintiff Tommy Joe Jefferson ("Plaintiff"), who proceeds *pro se* and *in forma pauperis* in this matter, is currently incarcerated in the Terrell Unit of the Texas Department of Criminal Justice

("TDCJ"). Prior to his incarceration in the Terrell Unit, he was held in the Dawson State Jail in Dallas, Texas on a parole revocation. *Complaint*, *Jefferson v. Keeton, et al.*, No. 3:07-CV-603-B, at 3 (N.D. Tex. filed Apr. 2, 2007) (hereinafter, "Compl."); *Answers to Magistrate Judge's Questionnaire*, docket no. 12, at 11 (filed June 19, 2007) (hereinafter, "MJQ").

On January 10, 2007, Plaintiff submitted a "Step 1 Offender Grievance Form" to staff at the Dawson State Jail requesting to see a doctor for renewal of his pain and high blood pressure medication and also for treatment of a sinus condition. (*Id*. at 10; *see* MJQ at 5). A nurse reviewed Plaintiff's grievance, and on January 12, 2007, his chart was sent to a medical provider for a refill of his blood pressure medication. (Compl. at 11; Mot. App. at 45). Plaintiff was not satisfied with this resolution of his grievance and submitted an appeal. (Compl. at 8-9). Plaintiff alleged in his appeal that his medical care was inadequate because he went without his blood pressure medication for approximately two weeks and that he still had not received his arthritis pain medication. (*Id*. at 8). He did not say anything about his sinus condition. *See id*. The appellate decision stated that the Step 1 medical response inadequately addressed Plaintiff's medication concerns and that the issue was submitted for "further university review." (*Id*. at 9). The appellate decision also informed Plaintiff that "in order to expedite resolution of medical complaints, [he was] encouraged to utilize the facility's medical complaints process by contacting the facility medical complaints coordinator before filing a grievance." *Id*.

On January 20, 2007, Plaintiff submitted another "Step 1 Offender Grievance Form" regarding an alleged battery the previous day by another inmate. (*Id*. at 12-13). Plaintiff stated that while playing chess, he and a younger inmate got into a verbal argument and the younger inmate hit him on the head. (Compl. at 12; MJQ at 10). Plaintiff, who was 63 years old at the time of the

incident, believes that the younger inmate's aggression was due in part to his complaints to Dawson State Jail officials about other inmates smoking in a non-smoking facility. (Compl. at 12; *see* Mot. App. at 22, ¶5). Plaintiff complains that second-hand smoke and a spray used to mask cigarette odors irritate his sinuses, give him headaches, and cause difficulty breathing. (Compl. at 4; MJQ at 6, 8). Plaintiff requested that the younger inmate who hit him on the head be locked up and charged with "beating on old people." (Compl. at 13). A corrections officer returned the grievance form complaining of the incident to Plaintiff on January 22, 2007, because it was "inappropriate." *Id.* Plaintiff raised the incident in the Step 2 grievance form he submitted on January 25, 2007, regarding his medical care, but the alleged battery was not addressed because it was not properly raised in the initial Step 1 grievance form submitted on January 10, 2007. (*Id.* at 8-9).

Plaintiff then submitted an "Offender Protection Investigation" form on March 5, 2007, about the alleged battery that occurred on January 19, 2007. (Mot. App. at 23-24). Plaintiff stated that no one witnessed the situation but that he reported the incident to Defendant Sergeant Chaney.[1] (*Id.* at 24). He contends that Defendant Chaney refused to take any action against the alleged offender. (MJQ at 2). Sergeant Mark Parisi, the Dawson State Jail's gang investigator, investigated Plaintiff's complaint and interviewed the alleged offenders but was unable to substantiate the allegations of battery. (Compl. at 21-22, ¶4; *Id.* at 23, 26). Vance Everett, the Dawson State Jail's Chief of Security, reviewed the investigation and concurred with Sergeant Parisi's findings. (Compl. at 22, ¶4; *id.* at 27). Plaintiff signed a waiver stating that the situation had been resolved and that he no longer required protection or transfer. (Mot. App. at 24). Defendant Chuck Keeton, the warden of Dawson State Jail, avers that regardless of the resolution, Plaintiff was moved to a different

---

[1] Plaintiff's complaint names "sergeant Shaney" and states that this sergeant investigated the incident in which he was allegedly assaulted by another inmate. (Compl. at 3).

dormitory in an abundance of caution. (*Id*. at 22, ¶4). Defendant Keeton further avers that the investigation and handling of Plaintiff's complaint about the alleged battery was conducted in accordance with the TDCJ's Safe Prisons Plan. *Id*.

Plaintiff submitted a third "Step 1 Offender Grievance Form" on March 14, 2007. (Compl. at 6-7). Plaintiff repeated his complaint regarding the alleged battery and stated that informal resolution was unsuccessful because the jail staff did "nothing but moved me." (*Id*. at 6).

Plaintiff filed the instant action on April 6, 2007. Plaintiff alleges that Defendant Keeton violated his civil rights by ignoring the complaints he raised in his grievances. (*Id*. at 3-4; MJQ at 1). He further alleges that Defendant Chaney violated his civil rights by failing to investigate or act upon the alleged battery by another inmate. (Compl. at 3-4; MJQ at 2). Defendant Keeton and Defendant Chaney (collectively, "Defendants") filed their motion for summary judgment, and the issue is ripe for review.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, must demonstrate that no

genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990). However, the courts have no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954

F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Where, as here, the nonmovant fails to respond to the motion for summary judgment, such failure does not allow the court to enter a default summary judgment. *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277 (5th Cir. 1985) (citing *John v. La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985)). However, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In addition, the movant's evidence may be accepted as undisputed. *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (citing *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman*, 945 F. Supp. at 1002).

### III. 42 U.S.C. § 1983

Defendants move for summary judgment on Plaintiff's claims pursuant to 42 U.S.C. § 1983 alleging that they violated his civil rights under the Eighth Amendment through their deliberate indifference to his health and safety. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under

color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). Section 1983 reaches only those constitutional injuries caused by persons acting under color of state law. *Dahl v. Akin*, 630 F.2d 277, 281 (5th Cir. 1980).

A.     **Deliberate Indifference to Battery**

Defendants first move for summary judgment on Plaintiff's claim that they did nothing in response to a complaint of an alleged battery by another inmate that occurred on January 19, 2007. (Mot. at 4; *see* Compl. at 3-4).

"[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation and internal quotation omitted). A prison official violates the Eighth Amendment for failure to protect only when two requirements are met: (1) the inmate makes an objective showing of a "sufficiently serious" deprivation, such as a substantial risk of serious harm, and (2) the prison official acted with deliberate indifference. *Id*. at 834. To establish deliberate indifference to health or safety, the inmate must show that the prison official (1) was "aware of the facts from which an inference of excessive risk to the prisoner's health or safety could be drawn," and (2) "actually drew an inference that such potential for harm existed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *See also Farmer*, 511 U.S. at 837 (noting that deliberate indifference under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) (same). Deliberate indifference "describes a state of mind more blameworthy than negligence" but is "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 835. "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dept. of Criminal Justice*, 239

F.3d 752, 756 (5th Cir. 2001).

Defendants contend they were not deliberately indifferent to Plaintiff's battery complaint because the complaint was investigated in accordance with the TDCJ's Safe Prisons Plan.[2] (Mot. at 4). In support of this contention, Defendants cite to the "Offender Protection Investigation" form, which shows that Sergeant Parisi investigated Plaintiff's complaint and interviewed the alleged offenders on the day officials at Dawson State Jail received Plaintiff's request for protection. (Mot. App. at 21-22, ¶4; *Id*. at 23, 26). Based on the investigation, Sergeant Parisi was unable to substantiate Plaintiff's allegation of battery by another inmate. (*Id*. at 26). Defendants also contend they were not deliberately indifferent to Plaintiff's complaint because he was moved to a different dormitory in an abundance of caution for his safety after the alleged complaint. (*Id*. at 22, ¶4). Defendants point to a waiver signed by Plaintiff stating that the situation of the alleged battery had been resolved and that he no longer required protection or transfer. (Mot. App. at 24).

The burden now shifts to Plaintiff to direct the Court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. Plaintiff did not respond to the instant motion for summary judgment; he is therefore relegated to his pleadings which, in this case, were submitted under penalty of perjury.[3] In his complaint, Plaintiff states that "the young inmate that hit me they did nothing about it. Sgt Shancy, said they did not do any thing about fight." (Comp. at 4.) The complaint further states that Plaintiff wants

---

[2]Defendants do not include a copy of the TDCJ's Safe Prisons Plan in their appendix.

[3]As noted in Part II, *supra*, a summary judgment nonmovant who does not respond to the motion is relegated to his pleadings, which are typically unsworn and do not constitute summary judgment evidence. *Bookman*, 945 F. Supp. at 1002. In this case, however, Plaintiff signed under penalty of perjury both his complaint and Answers to the Magistrate Judge's Questionnaire. (*See* Compl. at 5; MJQ at 12). Because Plaintiff's pleadings were submitted under the penalty of perjury, they may be considered as competent summary judgment evidence. *See Barnes v. Johnson*, 2006 WL 3102343, at *1 (5th Cir. 2006), slip copy (verified complaint may serve as competent summary judgment evidence).

"the Court to do some about those young inmate jumping on old people." *Id.* In his grievances, which are attached to his complaint, Plaintiff clarifies that he wants the inmates that assaulted him to be charged and locked up. (*Id.* at Attachments thereto). In essence, Plaintiff appears to complain that Defendants failed to take specific action against the young inmate who allegedly assaulted Plaintiff rather than failing to act to protect him.

Defendants' failure to take the specific action that Plaintiff advocated does not suffice to create a genuine issue of material fact regarding whether Defendants were deliberately indifferent to his safety. Plaintiff has proffered no evidence that Defendants subjectively knew of and disregarded a substantial risk to his safety. *See Farmer*, 511 U.S. at 837; *Hare*, 74 F.3d at 650. In light of the undisputed evidence in the record, Plaintiff's conclusory averments that Defendants did nothing is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252 ("[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff"); *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (same). Accordingly, the Court recommends dismissal of this claim against Defendant Keeton and Defendant Chaney.

**B.     Deliberate Indifference to Exposure to Second-hand Smoke**

Defendant Keeton next moves for summary judgment on Plaintiff's claim that they did nothing in response to his complaint of exposure to second-hand smoke.[4] (Mot. at 4-5).

In order to establish an Eighth Amendment violation due to exposure to second-hand smoke,

---

[4] Both Defendant Keeton and Defendant Chaney move for summary judgment on Plaintiff's complaint of exposure to second-hand smoke and denial of access to medical care. However, Plaintiff raises these two claims only against Defendant Keeton. *See* Compl. at 3-4 (stating that Defendant Keeton failed to investigate grievances about smoking and medical care; also stating that both Defendants failed to investigate or act upon complaint of alleged battery).

a prisoner must satisfy a two-prong test. *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). First, a prisoner must prove objectively that he is being exposed to unreasonably high levels of second-hand smoke. *Id*. In assessing this first factor, the court must consider the seriousness of the potential harm and the likelihood that second-hand smoke will actually cause such harm. *See id*. The court also has to determine whether society considers the risk to be so grave that it violates contemporary standards of decency. *Id*. Second, the prisoner must show that prison authorities demonstrated a "deliberate indifference" to his plight. *See id*.

Defendant Keeton contends that Plaintiff cannot establish either prong of the test required to establish a violation of the Eighth Amendment. (Mot. at 5). He contends that Plaintiff cannot show by competent evidence that the alleged exposure to second-hand smoke was at unreasonably high levels. (Mot. at 5). He also contends that he was not deliberately indifferent to Plaintiff's exposure to second-hand smoke because Dawson State Jail is a non-smoking facility, and complaints about inmate smoking are addressed to ensure compliance with the non-smoking policy. (*Id*.; Mot. App. at 22, ¶5). Defendant Keeton has met his initial burden to show that Plaintiff cannot establish a violation of the Eighth Amendment. *Celotex*, 477 U.S. at 323; *see Keeley v. Cisco Sys.*, 2003 WL 21919771, *3 (N.D. Tex. Aug. 8, 2003) (Fitzwater, J.) (a defendant can meet its summary judgment obligation by pointing the court to the absence of evidence to support a required element of a plaintiff's case).

The burden now shifts to Plaintiff to direct the Court's attention to evidence in the record sufficient to establish a genuine issue of material fact that he was exposed to unreasonably high levels of second-hand smoke. *Celotex*, 477 U.S. at 324. Neither Plaintiff's complaint nor his

response to the Magistrate Judge's Questionnaire contain evidence about his exposure level. (*See* Compl.; *see* MJQ). He merely avers that his exposure to second-hand smoke exacerbated his sinus condition, (MJQ at 6), but this unsubstantiated assertion is not objective evidence of exposure to unreasonably high levels of second-hand smoke. *Richardson*, 260 F.3d at 498. Plaintiff therefore has not met his burden to identify evidence of the elements of his claim that he suffered a constitutional injury, and this claim is not actionable under 42 U.S.C. § 1983. *Dahl*, 630 F.2d at 281. Accordingly, the Court recommends dismissal of this claim against Defendant Keeton.

C.     **Deliberate Indifference to Medical Needs**

Finally, Defendant Keeton moves for summary judgment on Plaintiff's claim that Keeton ignored his grievance about the medical care he received at Dawson State Jail. (Mot. at 5-6).

Denying or delaying access to medical care can constitute a violation of the Eighth Amendment, as can interfering with treatment once prescribed. *Estelle*, 429 U.S. at 105; *see e.g. Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Walker v. Butler*, 967 F.2d 176, 178 (5th Cir. 1992); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990). To establish a violation of the Eighth Amendment, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). An incorrect diagnosis by prison medical personnel does not suffice to state a constitutional violation (*see id.*), nor does the failure to alleviate a significant risk that the official should have perceived, but did not. *Farmer*, 511 U.S. at 838. Mere negligence or medical malpractice does not rise to the level of a constitutional violation, *Domino*, 239 F.3d at 756, nor does disagreement with a prescribed course of treatment.

*Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citing cases).

Defendant Keeton contends that the way in which he handled Plaintiff's medical grievances does not rise to the level of an Eighth Amendment violation. (Mot. at 5). He avers that he followed the appropriate TDCJ policies which require Dawson State Jail staff to refer prisoner grievances regarding medical issues to University of Texas Medical Branch ("UTMB") staff. (Mot. App. at 22, ¶6). When Plaintiff submitted his January 10, 2007 grievance to see a doctor for refills of his prescription medication, Dawson State Jail staff forwarded the request to medical. (*Id*. at 42, 44). A nurse reviewed Plaintiff's sick call request and sent his chart to a provider for a refill of his blood pressure medication on January 12, 2007. (*Id*. at 45). A UTMB official reviewed the nurse's action on January 17 and provided a response to the Dawson State Jail staff. *Id*. Defendant Keeton then reviewed UTMB's response to Plaintiff's grievance. (*Id*. at 43). Based on this chain of events, Defendant Keeton contends that Plaintiff has not alleged or shown that he violated Plaintiff's rights under the Eighth Amendment.

The burden now shifts to Plaintiff to direct the Court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. Plaintiff's sworn complaint alleges that Defendant Keeton "did nothing" about his medical grievances. (Compl. at 3). His response to the Magistrate Judge's Questionnaire provided no additional information regarding Defendant Keeton's involvement in the medical care he received at Dawson State Jail. (*See* MJQ at 1). Indeed, the medical grievance attached to the complaint refutes this contention. (Compl. at 11 (step 1 grievance stating that Defendant Keeton reviewed UTMB's response); *see* Mot. App. at 45 (UTMB review of step 1 grievance)). In light of the record, Plaintiff's conclusory averment that Defendant Keeton ignored his complaint is insufficient evidence

for a jury to reasonably find for Plaintiff on this issue and is therefore insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *St. Amant*, 806 F.2d at 1297. To the extent that Plaintiff alleges a violation of his constitutional rights because he disagrees with the course of treatment medical staff at Dawson State Jail prescribed for his sinus condition and hypertension, Plaintiff's complaints do not rise to the level of an Eighth Amendment violation and are not actionable under 42 U.S.C. § 1983. *Gobert*, 463 F.3d at 346; *Dahl*, 630 F.2d at 281. Accordingly, the Court recommends dismissal of this claim against Defendant Keeton.

### D. <u>Injunctive Relief</u>

To the extent that Plaintiff seeks injunctive relief, Defendants move for summary judgment on the basis of mootness because Plaintiff is no longer incarcerated at the Dawson State Jail. (Mot. at 7).

To the extent Plaintiff seeks injunctive relief against Defendants to address policies and practices of Dawson State Jail, such claims are moot because it is undisputed that he is no longer incarcerated there. *See Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000); *accord Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (finding that request for injunctive and declaratory relief becomes moot when inmate leaves the complained-of prison facility, and "[a]ny suggestion of relief based on the possibility of transfer back to the [facility] is too speculative to warrant relief). Accordingly, summary judgment is appropriate on any claims against Defendants for injunctive relief.

### IV. CONCLUSION

For the reasons stated above, the Court recommends that *Defendants, Warden Keeton and Sergeant Chaney's Motion for Summary Judgment* be **GRANTED**. All of Plaintiff's claims arising

under 42 U.S.C. § 1983 against Defendant Keeton and Defendant Chaney should be **DISMISSED**, with prejudice.

**SO RECOMMENDED** on this 9th day of June, 2008.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE